1  Christopher Seidman (SBN 98884)
   Harmon & Seidman LLC
2  101 South Third Street, Suite 265
   Grand Junction, Colorado  81501
3  Telephone: 970.245.9075
   Fax: 970.245.8086
4  chris@harmonseidman.com

5  Robert W. Crockett (SBN 79918)
   Harmon & Seidman LLC
6  33 Spindrift Passage
   Corte Madera, California  94925
7  Telephone: 415.945.1830
   robert@harmonseidman.com

8  *Attorneys for Plaintiff* Carr Clifton

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARR CLIFTON, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| PEARSON EDUCATION, INC., and JOHN DOE PRINTERS 1-10, | DEMAND FOR JURY TRIAL |
| Defendants | |

Plaintiff Carr Clifton ("Plaintiff" or "Clifton") for his Complaint against Defendants Pearson Education, Inc. ("Pearson") and John Doe Printers 1-10 alleges:

**STATEMENT OF ACTION**

1.  This is an action for copyright infringement brought by Plaintiff Carr Clifton, the holder of all copyrights to the photographs described hereafter and originally licensed for limited use by Pearson, against Defendants for uses of Plaintiff's photographs without his authority or permission.

1

COMPLAINT

**PARTIES**

2. Carr Clifton is a professional photographer engaged in licensing photographic images to publishers, including Pearson. He is a United States citizen and a resident of Taylorsville, California.

3. Pearson is a Delaware corporation and publisher of educational textbooks. Pearson sells and distributes textbooks via its employees and agents in California and throughout the United States, including the publications in suit and ancillary materials, in which Plaintiff's photographs are unlawfully reproduced. At all times pertinent to the allegations herein, Pearson acted through its various imprints and divisions, as identified in Exhibits 1.

4. John Doe Printers 1-10 are the printers of some or all of the publications in suit and ancillary materials, whose identities are known to Pearson but unknown to Plaintiff.

**JURISDICTION**

5. This is an action for injunctive relief, statutory damages, monetary damages, and interest under the copyright laws of the United States. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (copyright).

**VENUE**

6. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. §§ 1400(a).

**FACTS COMMON TO ALL COUNTS**

7. Clifton is the owner and exclusive copyright holder of the attached photographic images ("Photographs") depicted in Exhibit 1, whose registration status with the United States Copyright Office is set forth in that exhibit.

8. Between 1995 and 2010, in response to permission requests from Pearson, Clifton sold Pearson limited licenses to use copies of the Photographs in numerous educational publications. The licenses Clifton granted Pearson were expressly limited by number of copies, distribution area, language, duration and/or media as set forth in Exhibit 1.

9. At the time Pearson represented to Clifton in its requests that it needed specified, limited licenses to use the Photographs, Pearson often knew its actual uses under the licenses would exceed the permission it was requesting and paying for.

10. Upon information and belief, Pearson exceeded the permitted uses under the terms of the limited licenses granted by Clifton in the publications identified in Exhibit 1.

11. Upon information and belief, Pearson used the Photographs without any permission in additional publications. Because Pearson alone knows these wholly unauthorized uses, Clifton cannot further identify them without discovery. Upon information and belief, Pearson has developed a list of its wholly unlicensed uses (euphemistically referred to by Pearson as images that need to be "cleared") and Clifton's Photographs are among those Pearson has so identified.

12. Pearson alone knows the full extent to which it has infringed Clifton's copyrights by violating his license limits.

13. On May 3, 2010, and January 13, 2011, Julie Orr, Pearson's Curriculum Group's Image Manager, Rights and Permissions, testified that Pearson published photographs in its textbooks in some instances without obtaining any permission, and had printed in excess of license limits in situations where licenses were obtained. Exhibit 2-A and 2-B.

14. On June 16, 2010, Maureen Griffin, Pearson's Curriculum Group's Photo Commissions Editor, testified that Pearson had published photographs in its textbooks "before the FTP [file to printer] date" and that "the number of textbooks printed exceeded the licenses we obtained." Exhibit 3.

3

COMPLAINT

15. On July 6, 2011, Plaintiff's counsel provided Pearson with a list of copyrighted Photographs licensed by Clifton to Pearson for limited use and requested that Pearson provide information regarding Pearson's unauthorized uses of the Photographs. Exhibit 4. Pearson did not provide the requested information.

16. Pearson's practice of infringing copyrights extends beyond the publications in Exhibit 1. *See* Exhibit 5 for additional examples. While the lost licensing fee to any individual copyright holder is relatively small, Pearson has sold and distributed millions of these publications, generating billions in revenue and profits. Pearson's business model, built on a foundation of pervasive and willful copyright infringement, deprived Plaintiff and thousands of other visual art licensors of their rightful compensation and unjustly enriched Pearson with outlandish profits in the process.

17. Since 2009, Pearson has been sued for copyright infringement in furtherance of the scheme described above in at least the following actions:

    A. Southern District of New York: *Norbert Wu v. Pearson Education, Inc.*, No. 09-cv-6557-RJH (*Wu I*) (seeking class action certification for Pearson's license violations) and *Norbert Wu v. Pearson Education, Inc.*, No. 10-cv-6537-RJH (*Wu II*), (seeking class action certification for Pearson's uses without any licenses); *Psihoyos v. Pearson Education, Inc.*, No. 10-civ-5912-JSR; *Cole v. Pearson Education, Inc.*, No. 10-civ-7523.

    B. Eastern District of Pennsylvania: *Phil Degginger et al. v. Pearson Education, Inc. et al.*, No. 11-cv-01302-GKP; *Grant Heilman Photography Inc. v. Pearson Education, Inc. et al.*, number not yet known (being filed July 22, 2011).

    C. District of Arizona: *Bean et al. v. Pearson Education, Inc.*, Case No. 3:11-cv-08030-PGR; *DRK Photo v. Pearson Education, Inc. et al.*, Case No. 3:11-cv-08097-PGR.

    D. District of Colorado: *Viesti Associates, Inc. v. Pearson Education, Inc. et al.*, Case No. 11-cv-01687-PAB.

E.   District of Hawaii: *Pacific Stock, Inc. v. Pearson Education, Inc.*, No. 11-cv-00423-SOM-BMK.

18.   Pearson seeks to avoid liability for its widespread copyright infringements by this commit-the-perfect-crime approach:

A.   License for unrealistically low limits, giving Pearson access to the Photographs and concealing its infringements because Clifton doesn't know if and when Pearson violates any particular license's limits.

B.   Use beyond those limits without notice to Clifton.

C.   Refuse to disclose its unauthorized uses when requested.

D.   Argue in court that infringement claims pleaded "upon information and belief" — necessary because Pearson, the sole source of information about its infringing uses, refuses to disclose its uses — must be dismissed as unsupported by evidence and that only infringements Pearson acknowledges before suit can be pleaded without violating FRCP 11.

19.   Upon information and belief, John Doe Printers 1-10 are the printers of the publications in suit, and they printed copies in excess of the licenses granted by Plaintiff and earned profits from such printings.

20.   All exhibits attached hereto are incorporated into this Complaint by this reference.

## COUNT I

### COPYRIGHT INFRINGEMENT AGAINST PEARSON

21.   Plaintiff incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

22.   The foregoing acts of Pearson constitute infringements of Plaintiff's copyrigh5s in the Photographs in violation of 17 U.S.C. §§ 501 *et seq.*

23.   Plaintiff suffered damages as a result of Pearson's unauthorized use of the Photographs.

5

COMPLAINT

## COUNT II

## COPYRIGHT INFRINGEMENT AGAINST JOHN DOE PRINTERS 1-10

24. Plaintiff incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

25. The foregoing acts of John Doe Printers 1-10 in printing the publications in suit constitute infringements of Plaintiff's copyrights in the Photographs, in violation of 17 U.S.C. §§ 501 *et. seq.*

26. Plaintiff suffered damages as a result of the unauthorized printing of his Photographs by John Doe Printers 1-10.

WHEREFORE, Plaintiff requests the following:

1. A preliminary and permanent injunction against Defendants and anyone working in concert with them from copying, displaying, distributing, selling or offering to sell Plaintiff's Photographs described in this Complaint and Plaintiff's photographs not included in suit.

2. As permitted under 17 U.S.C. § 503, impoundment of all copies of Plaintiff's Photographs used in violation of Plaintiff's exclusive copyrights as well as all related records and documents and, at final judgment, destruction or other reasonable disposition of the unlawfully used Photographs, including digital files and any other means by which they could be used again by Defendants without Plaintiff's authorization.

3. An award of Plaintiff's actual damages and all profits derived from the unauthorized use of Plaintiff's Photographs or, where applicable and at Plaintiff's election, statutory damages.

4. An award of Plaintiff's reasonable attorneys' fees.

5. An award of Plaintiff's court costs, expert witness fees, interest and all other amounts authorized under law.

6. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues permitted by law.

DATED: July 25, 2011

          Plaintiff Carr Clifton
          by his attorneys,

          */s/ Robert W. Crockett*

          Robert W. Crockett

          Robert W. Crockett (SBN 79918)
          Harmon & Seidman LLC
          33 Spindrift Passage
          Corte Madera, California 94925
          Telephone: 415.945.1830
          robert@harmonseidman.com

          Christopher Seidman (SBN 98884)
          Harmon & Seidman LLC
          101 South Third Street, Suite 265
          Grand Junction, Colorado 81501
          Telephone: 970.245.9075
          Fax: 970.245.8086
          chris@harmonseidman.com

COMPLAINT