United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CARR CLIFTON,                                  )  Case No. 5:11-cv-03640-EJD
                                               )
                    Plaintiff,                 )  **ORDER DENYING DEFENDANT**
                                               )  **PEARSON EDUCATION, INC.'S**
          v.                                   )  **MOTION TO DISMISS COMPLAINT**
                                               )  **AND ORDER DENYING PLAINTIFF**
PEARSON EDUCATION, INC., and JOHN              )  **CARR CLIFTON'S MOTION FOR**
DOE PRINTERS 1-10,                             )  **PRELIMINARY INJUNCTION**
                                               )
                    Defendants.                )  **(Re: Docket Item Nos. 13, 26)**
                                               )

          Defendant PEARSON EDUCATION, INC. ("Defendant") moves to dismiss the Complaint

of Plaintiff CARR CLIFTON ("Plaintiff") for failure to state a claim for copyright infringement.

Plaintiff seeks a preliminary injunction requiring Defendant to cease infringing Plaintiff's

copyrights.  Having considered the submissions of the parties and the relevant legal authority, the

court **DENIES** Defendant's motion to dismiss and **DENIES** Plaintiff's motion for preliminary

injunction.

## I. BACKGROUND

          This action was filed in the United States District Court for the Northern District of

California, San Jose Division, on July 25, 2011.  Plaintiff alleges copyright infringement against

Defendant and John Doe Printers 1-10, seeking injunctive relief, statutory damages, monetary

damages and interest under the copyright laws of the United States.

1

**United States District Court**
For the Northern District of California

1   Plaintiff is a professional photographer engaged in the business of licensing photographic

2   images to publishers.  Compl. ¶ 2.  Defendant is a Delaware corporation and publisher of

3   educational textbooks; Defendant sells and distributes textbooks.  Compl. ¶ 3.  John Doe Printers

4   1-10 "are the printers of some or all of the publications in suit and ancillary materials, whose

5   identities are known to Pearson but unknown to Plaintiff."  Compl. ¶ 4.  Plaintiff, upon information

6   and belief, alleges that John Doe Printers 1-10 "printed copies in excess of the licenses granted by

7   Plaintiff and earned profits from such printings."  Compl. ¶ 19.

8   Plaintiff is the owner and exclusive copyright holder of the photographic images

9   ("Photographs") depicted in Exhibit 1 of the Complaint.  Compl. ¶ 7.  The images' registration

10  statuses with the United States Copyright Office are set forth in that same exhibit.  Id.  In response

11  to permission requests from Defendant, Plaintiff sold Defendant limited licenses between 1995 and

12  2010 to use copies of the Photographs in numerous educational publications.  Compl. ¶ 8.  Plaintiff

13  granted Defendant licenses "expressly limited by number of copies, distribution area, language,

14  duration and/or media as set forth in Exhibit 1."  Id.  Plaintiff alleges that at the time Defendant

15  requested such specified, limited licenses to use the Photographs, Defendant often knew its actual

16  uses under the licenses would exceed the permission requested and paid for.  Compl. ¶ 9.

17  Upon information and belief, Plaintiff claims that Defendant "exceeded the permitted uses

18  under the terms of the limited licenses granted by [Plaintiff] in the publications identified in

19  Exhibit 1."  Compl. ¶ 10.  Plaintiff further claims, upon information and belief, that Defendant used

20  the Photographs without permission in additional publications.  Compl. ¶ 11.  Plaintiff alleges that

21  "[Defendant] has developed a list of its wholly unlicensed uses . . . and [Plaintiff's] Photographs

22  are among those [Defendant] has so identified."  Id.  Plaintiff further alleges that only Defendant

23  knows the full extent to which it has infringed Plaintiff's copyrights by violating the license limits.

24  Compl. ¶ 12.

25  Plaintiff's counsel provided Defendant with a list of copyrighted photographs licensed by

26  Plaintiff to Defendant for limited use on July 6, 2011, requesting that Defendant provide

27  information regarding Defendant's unauthorized uses of the Photographs.  Compl. ¶ 15.  Defendant

28

2

**United States District Court**
For the Northern District of California

did not provide such requested information.  Id.  Plaintiff alleges that "[Defendant's] business model, built on a foundation of pervasive and willful copyright infringement, deprived Plaintiff and thousands of other visual art licensors of their rightful compensation and unjustly enriched [Defendant] with outlandish profits in the process."  Compl. ¶ 16.  Plaintiff sets forth multiple cases in which Defendant has been sued for copyright infringement in furtherance of the described scheme.  Compl. ¶ 17.  Defendant has been sued in the Southern District of New York, Eastern District of Pennsylvania, District of Arizona, and District of Hawaii.  Id.

Plaintiff claims that Defendant seeks to avoid liability for copyright infringement by: (1) licensing "for unrealistically low limits, giving [Defendant] access to the Photographs and concealing its infringements because [Plaintiff does not] know if and when [Defendant] violates any particular license's limits;" (2) using the Photographs beyond any particular license's limits without notice to Plaintiff; (3) refusing to disclose unauthorized uses when requested by Plaintiff; and (4) arguing in court that infringement claims "pleaded 'upon information and belief' . . . must be dismissed as unsupported by evidence and that only infringements [Defendant] acknowledges before suit can be pleaded without violating FRCP 11."  Compl. ¶ 18 A-D.

## II. LEGAL STANDARD

### A.  MOTION TO DISMISS

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim.  See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2011).  In considering whether a complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint.  See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  All ambiguities or doubts must be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  Hartman v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.), 536 F.3d 1049, 1055 (9th Cir. 2008).

**United States District Court**
For the Northern District of California

1  Although a complaint need not provide detailed factual allegations, the complaint "must

2  contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

3  face.'" Iqbal, 129 S.Ct. at 1949 (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). "A

4  court may dismiss a complaint under Fed. R. Civ. P. 12(b)(6) for 'failure to state a claim upon

5  which relief may be granted' but may not do so 'unless it appears beyond doubt that the plaintiff

6  can prove no set of facts in support of his claims which would entitle him to relief.'" Barnett v.

7  Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (quoting Buckey v. Los Angeles, 957 F.2d 652, 654 (9th

8  Cir. 1992)). A facially plausible claim "allows the court to draw the reasonable inference that the

9  defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "If a court grants a

10  motion to dismiss, leave to amend should be granted unless the pleading could not possibly be

11  cured by the allegation of other facts." Serrano v. World Savings Bank, FSB, No. 11-CV-00105-

12  LHK, 2011 WL 1668631 *1 (N.D. Cal. May 3, 2011) (citing Lopez v. Smith, 203 F.3d 1122, 1130

13  (9th Cir. 2000)).

14  **B. MOTION FOR PRELIMINARY INJUNCTION**

15  A preliminary injunction is "an extraordinary remedy that may only be awarded upon a

16  clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc.,

17  555 U.S. 7, 22 (2008) (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam)). An

18  injunction does not automatically follow a determination that a copyright has been infringed. See

19  eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 392-93 (2006). A copyright plaintiff seeking

20  injunctive relief must satisfy the traditional four-factor test by showing (1) a likelihood of success

21  on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the

22  balance of equities tips in its favor; and (4) that an injunction is in the public interest. Winter, 555

23  U.S. at 20 (citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008)).

24  A preliminary injunction "may only be granted when the moving party has demonstrated a

25  significant threat of irreparable injury." Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 725 (9th Cir.

26  1999). A presumption of "irreparable harm in a copyright infringement case is inconsistent with,

27  and disapproved by, the Supreme Court's opinions in eBay and Winter." Flexible Lifeline

28

4

United States District Court
For the Northern District of California

Systems, Inc. v. Precision Lift, Inc., 654 F.3d 989, 998 (9th Cir. 2011) (citing Perfect 10, Inc. v. Google, Inc., 653 F.3d 976, 981 (9th Cir. 2011)).  As a prerequisite for injunctive relief, whether preliminary or permanent, a plaintiff in a copyright infringement case must demonstrate a likelihood of irreparable harm.  Id.

### III. DISCUSSION

**A.  Pearson Education, Inc's Motion to Dismiss for Failure to State a Claim**

Defendant moves to dismiss Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.  As set forth below, the court finds that, with respect to Count I, the Complaint states a claim upon which relief may be granted.

Defendant's motion to dismiss "is based on Plaintiff's failure to offer *any* facts regarding the alleged infringement of his photographs."  See Def.'s Reply to Pl.'s Opp'n to Mot. to Dismiss at 3, Docket No. 24 (emphasis in original).  Defendant argues that "Plaintiff has not identified a single instance in which [Defendant] purportedly used [Plaintiff's] photographs without permission or in excess of the terms of any license."  See Def.'s Mot. to Dismiss at 4, Docket No. 13. Defendant contends that "[r]ather than allege facts establishing particular instances of alleged infringement, the Complaint states 'upon information and belief' that [Defendant] exceeded license limits 'in the publications identified in Exhibit 1.'"  Id.  Defendant further posits that "Plaintiff attempts to engage in an impermissible fishing expedition" by asserting infringement as to all photographs licensed to Defendant, "rather than just those photographs (if any) for which [Plaintiff] has a reasonable basis to make such allegations."  Id. at 5.

Plaintiff argues that the "complaint alleges infringement with respect to certain specified photographs in certain specified invoices (licenses) that are identified in Exhibit 1."  See Pl.'s Opp'n to Def.'s Mot. to Dismiss at 6, Docket No. 22.  Plaintiff further contends that he has alleged a plausible claim for copyright infringement because a complainant is not required to allege the specific manner in which a defendant's activity occurred.  Id.  Plaintiff argues that "such a

1    requirement would immunize [Defendant] from liability since [Defendant] controls all pertinent

2    information and has refused to disclose it to [Plaintiff]."  Id.

3           The Copyright Act of 1976 sets forth that "the owner of copyright under this title has the

4    exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work

5    in copies or phonorecords; . . . (3) to distribute copies or phonorecords of the copyrighted work to

6    the public by sale or other transfer of ownership, or by rental, lease, or lending . . . ."  17 U.S.C.

7    § 106.  "'Anyone who violates any of the exclusive rights of the copyright owner,' that is, anyone

8    who trespasses into his exclusive domain by using or authorizing the use of the copyrighted work .

9    . . 'is an infringer of the copyright.'"  Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S.

10   417, 433 (1984) (quoting 17 U.S.C. § 501(a)).  "A licensee infringes the owner's copyright if its

11   use exceeds the scope of its license."  S.O.S., Inc. v. Payday, Inc., 886 F.2d 1081, 1087 (9th Cir.

12   1989) (citing Gilliam v. American Broad. Cos., 538 F.2d 14, 20 (2d Cir. 1976)).

13          To establish copyright infringement, a plaintiff must prove two elements: "(1) ownership of

14   a valid copyright, and (2) copying of constituent elements of the work that are original."  Feist

15   Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991).  Thus, to state a claim upon which

16   relief may be granted, Plaintiff must set forth sufficient facts alleging that Plaintiff owned a valid

17   copyright for the Photographs, that the licenses issued to Defendant were limited in scope, and that

18   Defendant exceeded that scope.

19          For the first element, the Complaint states that "[Plaintiff] is the owner and exclusive

20   copyright holder of the [Photographs] depicted in Exhibit 1, whose registration status with the

21   United States Copyright Office is set forth in that exhibit."  Compl. ¶ 7.  Plaintiff has sufficiently

22   alleged ownership of valid copyrights in the Photographs by attaching as Exhibit 1 to the

23   Complaint a spreadsheet documenting the registration status of the Photographs with the United

24   States Copyright Office.  Compl. Ex. 1.  The Photographs are either registered or pending

25   registration, and the spreadsheet documents the registration numbers and dates of registration of the

26   Photographs.  Id.  These allegations are sufficient to show ownership of valid copyrights.

27

28

Case No. 5:11-cv-03640-EJD
ORDER DENYING DEFENDANT PEARSON EDUCATION, INC.'S MOTION TO DISMISS COMPLAINT AND
ORDER DENYING PLAINTIFF CARR CLIFTON'S MOTION FOR PRELIMINARY INJUNCTION

**United States District Court**
For the Northern District of California

1     As to the second element, Defendant argues that the spreadsheet in Exhibit 1 to the

2     Complaint "provides no factual support for the allegation that [Defendant] exceeded the terms of

3     any license." See Def.'s Mot. to Dismiss at 4, Docket No. 13.  Plaintiff counters that if "a plaintiff

4     must still, under these circumstances, allege the specific manner in which the defendant's

5     infringing activity occurred, [Defendant] would effectively be immune from liability." See Pl.'s

6     Opp'n to Def.'s Mot. to Dismiss at 8, Docket No. 22.

7         Defendant "does not dispute that pleading 'upon information and belief' is permissible in

8     certain circumstances.  Rather, [Defendant] challenges the sufficiency of Plaintiff's broad,

9     conclusory allegations of copyright infringement made 'upon information and belief' without any

10    factual support." See Def.'s Reply to Pl.'s Opp'n to Mot. to Dismiss at 4, Docket No. 24.

11    However, the district court in Wu v. Pearson Educ., Inc., Case No. 09 Civ. 6557 (RJH), 2010 WL

12    3791676, *6 (S.D.N.Y. Sept. 29, 2010) held that the plaintiff's allegations of copyright

13    infringement satisfied the pleading requirements of Federal Rule of Civil Procedure 8(a)(2)

14    because use of such qualifying phrases "does not impede the reader's ability to understand the

15    allegations made or how those allegations satisfy the elements of a copyright claim."  Further, the

16    district court in Bean v. Pearson Educ., Inc. found "as in Wu, Plaintiffs' allegations that Defendant

17    exceeded the print limits is plausible."  Case No. CV 11-8030-PCT-PGR, 2011 WL 1882367, at *4

18    (D.Ariz. May 17, 2011).

19        The Complaint alleges that the licenses issued to Defendant "were expressly limited by

20    number of copies, distribution area, language, duration and/or media as set forth in Exhibit 1."

21    Compl. ¶ 8.  It is further alleged that "[u]pon information and belief, [Defendant] exceeded the

22    permitted uses under the terms of the limited licenses granted by [Plaintiff] in the publications

23    identified in Exhibit 1," and that "[u]pon information and belief, [Defendant] used the Photographs

24    without any permission in additional publications."  Compl. ¶¶ 10-11.  Defendant argues that

25    Plaintiff "does not provide any facts whatsoever to support this allegation and does not even

26    identify these publications." See Def.'s Mot. to Dismiss at 4, Docket No. 13.  However, Exhibit 5

27    to the Complaint highlights book titles, ASI invoice numbers, invoice dates, ISBN numbers, press

28

Case No. 5:11-cv-03640-EJD
ORDER DENYING DEFENDANT PEARSON EDUCATION, INC.'S MOTION TO DISMISS COMPLAINT AND
ORDER DENYING PLAINTIFF CARR CLIFTON'S MOTION FOR PRELIMINARY INJUNCTION

**United States District Court**
For the Northern District of California

run granted and press run reported figures, and certain images which allegedly infringe copyrights. The court finds these facts sufficient to properly allege copyright infringement because, as Plaintiff contends, information concerning Defendant's unauthorized uses of the Photographs remains in the possession of Defendant.

Moreover, the cases relied upon by Defendant are distinguishable "in that the courts found that the plaintiffs failed to allege *any* facts in support of their claims." Bean v. Pearson Educ., Inc., 2011 WL 1882367, at *4 (emphasis in original). The court in Universal Surface Tech., Inc. v. Sae-A Trading America Corp., Case No. CV 10-6972 CAS (PJWx), 2011 WL 281020, *6 (C.D. Cal. Jan. 26, 2011) noted that "the complaint alleges no facts indicating what acts constitute the alleged infringement, and which copyrights have allegedly been infringed." Similarly, the court in Elan Microelectrics Corp. v. Apple, Inc., Case No. C 09-01531 RS, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009) dismissed a claim that "consists of nothing more than a bare assertion, made 'on information and belief' that Elan 'has been and is currently, directly and/or indirectly infringing . . . the specified patents.'" Further, the court in New Name, Inc. v. Walt Disney Co., Case No. CV 07-5034 PA (RZx), 2007 WL 5061697, at *3 (C.D. Cal. Dec. 3, 2007) concluded that the complaint in that case only speculated, and did not actually allege, that any of the t-shirts in question were actually sold in the United States. Finally, the court in Marvullo v. Gruner & Jahr, 105 F.Supp.2d 225, 228 (S.D.N.Y. 2000) granted defendants' motion to dismiss because the "plaintiff's unadorned allegation . . . absent any factual support, merely states a legal conclusion insufficient to withstand a motion to dismiss." The instant case is distinguishable because Plaintiff has alleged sufficient facts to support his claim for copyright infringement, and because the only source of additional information appears to be in Defendant's possession and control.

"In reviewing the sufficiency of a complaint, '[t]he issue is not whether the plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248 (9th Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Further, the plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation

**United States District Court**
For the Northern District of California

1   that discovery will reveal evidence supporting the allegation." <u>Bell Atlantic v. Twombly</u>, 550 U.S.

2   544, 556 (2007).  Accordingly, taking Plaintiff's allegations of material fact as true and construing

3   them in the light most favorable to Plaintiff, the court finds that the claim of copyright

4   infringement is plausible.  Thus, Plaintiff's Complaint sufficiently states a claim upon which relief

5   may be granted.  Defendant's Motion to Dismiss Plaintiff's Complaint is **DENIED**.

6       **B. Carr Clifton's Motion for Preliminary Injunction**

7           Plaintiff moves for a preliminary injunction under Section 502(a) of Title 17 of the

8   Copyright Act.  <u>See</u> Pl.'s Mot. for Prelim. Inj. at 4, Docket No. 26.  However, Plaintiff "is *not*

9   seeking the retrieval of textbooks from schools or the destruction of any existing books." <u>Id.</u> at 2

10  (emphasis in original).  As set forth below, the court finds that Plaintiff does not meet each element

11  of the four-factor test and, thus, is not entitled to a preliminary injunction.

12          **i.    Likelihood of Success on the Merits**

13          Plaintiff requests that "the Court schedule an evidentiary hearing to be held after Clifton has

14  had an opportunity to conduct preliminary discovery regarding [Defendant's] usage of [Plaintiff's]

15  copyrighted Photographs."  <u>See</u> Pl.'s Mot. for Prelim. Inj. at 5-6, Docket No. 26.  Plaintiff argues

16  that "if the Court grants an evidentiary hearing on this motion, [Plaintiff] will demonstrate a

17  likelihood of success on the merits on his copyright infringement claim against [Defendant]." <u>Id.</u>

18  at 8.  Defendant contends that Plaintiff "fails to demonstrate a likelihood of success on the merits,"

19  and that "[n]either preliminary discovery nor an evidentiary hearing is appropriate because

20  [Plaintiff] cannot satisfy the other factors necessary to obtain injunctive relief."  <u>See</u> Def.'s Opp'n

21  to Pl.'s Mot. for Prelim. Inj. at 12, Docket No. 28.

22          The court declines Plaintiff's request for an evidentiary hearing and finds that Plaintiff has

23  not established a likelihood of success on the merits.  Indeed, Plaintiff does not provide any

24  evidence establishing a likelihood of success on the merits.  Rather, Plaintiff "has no doubt that

25  discovery in this case will establish what [Defendant] does not deny in its opposition: that

26  [Defendant] has infringed and continues to infringe [Plaintiff's copyrights."  <u>See</u> Pl.'s Reply to

27  Def.'s Opp'n to Mot. for Prelim. Inj. at 4, Docket No. 30.  This is a tacit admission by Plaintiff that

28

Case No. 5:11-cv-03640-EJD
ORDER DENYING DEFENDANT PEARSON EDUCATION, INC.'S MOTION TO DISMISS COMPLAINT AND
ORDER DENYING PLAINTIFF CARR CLIFTON'S MOTION FOR PRELIMINARY INJUNCTION

United States District Court

For the Northern District of California

1   he cannot currently prove a likelihood of success on the merits on the facts as alleged.  Although

2   Plaintiff's allegations are sufficient to withstand a Federal Rule of Civil Procedure 12(b)(6) motion

3   to dismiss, the facts as alleged are insufficient to grant a preliminary injunction.

4        Plaintiff cites a deposition transcript from <u>Wu v. Pearson Education, Inc.</u>, 2010 WL

5   3791676, to demonstrate that "Pearson published photographs in its textbooks in some instances

6   without obtaining any permission, and had printed in excess of license limits in situations where

7   licenses were obtained."  <u>See</u> Pl.'s Mot. for Prelim. Inj. at 7, Docket No. 26 (citing Ex. 7 to Pl.'s

8   Mot. for Prelim. Inj., Docket No. 26).  Plaintiff further cites to <u>Wood v. Houghton Mifflin Harcourt</u>

9   <u>Publishing Co.</u>, 589 F.Supp.2d 1230, 1239-42 (D.Colo. 2008), to evidence "[u]nder facts virtually

10  identical to those here," a textbook publisher "committed copyright infringement by printing more

11  than 200,000 copies of textbooks when Plaintiff's licenses were limited to 40,000 copies."  <u>See</u>

12  Pl.'s Mot. for Prelim. Inj. at 7-8, Docket No. 26.  Neither of these cases demonstrates a likelihood

13  of success on the merits of *this* case.  Instead, Plaintiff admits that it can only demonstrate a

14  likelihood of success on the merits "*if* the Court grants an evidentiary hearing on this motion."  <u>Id.</u>

15  at 8 (emphasis added).  Accordingly, Plaintiff has not met the first condition for a preliminary

16  injunction.

17       **ii.        Irreparable Harm in the Absence of Preliminary Relief**

18       Plaintiff argues that if preliminary injunctive relief is denied, "[Plaintiff] will suffer

19  irreparable harm, because legal remedies are insufficient to compensate him for [Defendant's]

20  continuing infringements of his work."  <u>Id.</u> at 11.  Plaintiff further contends that "[p]otential future

21  damages awards for [Defendant's] infringements would not make up for the disruption of

22  [Plaintiff's] business, and unreimbursed attorneys' fees and costs would make continuous litigation

23  against financially resourceful [Defendant] a money-losing proposition for [Plaintiff]."  <u>Id.</u>

24  Plaintiff alleges that "[a]ny contention by [Defendant] that it should be able to continue to infringe

25  and simply pay [Plaintiff] an award of damages in the end improperly creates a mandatory

26  licensing scheme contrary to the Copyright Act."  <u>Id.</u> at 10.  Plaintiff also claims that

27  "[Defendant's] continued practice of willful infringement constitutes criminal copyright

28

10

1    infringement within the meaning of 17 U.S.C. § 506, at the felony level." Id. at 11.  Defendant

2    raises five arguments attempting to show that Plaintiff cannot establish imminent irreparable harm.

3        First, Defendant contends that "to the extent [Defendant] used photographs in excess of

4    license parameters, any harm to [P]laintiff is purely monetary and can be adequately remedied with

5    money damages."  See Def.'s Opp'n to Pl.'s Mot. for Prelim. Inj. at 7, Docket No. 28.  Plaintiff

6    argues that "[Defendant's] contention that [Plaintiff] can be fully compensated by monetary relief

7    assumes that [Plaintiff] would, if paid, grant [Defendant] permission to use his work without

8    limitation now and in the future."  See Pl.'s Reply to Def.'s Opp'n to Mot. for Prelim. Inj. at 5,

9    Docket No. 30.  Plaintiff further maintains that "[p]otential future awards of damages for

10   [Defendant's] infringements would not make up for the disruption of [Plaintiff's] business and the

11   expenses entailed in pursuing continuous litigation against [Defendant] for its ongoing

12   infringements of [Plaintiff's] copyrights.  Id. at 6.

13       The Ninth Circuit has held that "the threat of the loss of prospective customers, goodwill, or

14   reputation may support a finding of irreparable harm, so long as it is not too speculative."  Rent-A-

15   Center, Inc. v. Canyon Television & Applicant Rental, Inc., 944 F.2d 597, 603 (9th Cir. 1991).

16   Plaintiff's contention that "[p]otential future awards of damages for [Defendant's] infringements

17   would not make up for the disruption of [Plaintiff's] business" is not supported by any evidence.

18   Plaintiff continues to engage in the business of licensing photographs; it is unclear what, if any,

19   disruptions in business Plaintiff has suffered.

20       Plaintiff cites Microsoft Corp. v. Marturano, Case No. 1:06cv1747 OWW GSA, 2009 WL

21   1530040, *8 (E.D. Cal. May 27, 2009) (concluding that where there is a threat that the defendant

22   will continue to engage in copyright infringement, the plaintiff's injury "cannot be remedied by

23   monetary compensation alone" and "an injunction is the only remedy available to limit the

24   potential of future injury.").  That case is distinguishable in that plaintiff sought a *permanent*

25   injunction after multiple grants of motions for default judgment.  In this case, Plaintiff has not

26   established the alleged copyright infringement by Defendant.  Plaintiff also cites Mortg. Mkt.

27   Guide, LLC v. Freedman Report, LLC, Case No. 06-cv-140-FLW, 2008 WL 2991570 (D.NJ. July

28

Case No. 5:11-cv-03640-EJD
ORDER DENYING DEFENDANT PEARSON EDUCATION, INC.'S MOTION TO DISMISS COMPLAINT AND
ORDER DENYING PLAINTIFF CARR CLIFTON'S MOTION FOR PRELIMINARY INJUNCTION

**United States District Court**
For the Northern District of California

28, 2008), and <u>Designer Skin, LLC v. S & L Vitamins, Inc.</u>, Case No. CV 05-3699-PHX-JAT, 2008 WL 4174882 (D.Ariz. Sept. 5, 2008).  Those cases are distinguishable in that the plaintiffs sought *permanent* injunctions after the courts made findings of infringement.  Plaintiff's citation to the above-referenced cases is of little help in this case because Plaintiff seeks a preliminary injunction and has yet to prove the alleged copyright infringement.

Second, Defendant argues that "[Plaintiff's] delay in seeking injunctive relief proves there is no risk of imminent irreparable harm required to sustain a motion for preliminary injunction." <u>See</u> Def.'s Opp'n to Pl.'s Mot. for Prelim. Inj. at 8, Docket No. 28.  Plaintiff contends there has been no delay because "it was not until March 23, 2011, that [Plaintiff's] awareness of [Defendant's] infringing activity reached the point where he felt he had to ask [Defendant] for complete disclosure of its electronic and ancillary usage of his photographs, print runs for publications containing the photographs, usage of his photographs in a Spanish language edition, and usage of the photographs in subsequent editions of publications for which licenses had not been granted." <u>See</u> Pl.'s Reply to Def.'s Opp'n to Mot. for Prelim. Inj. at 8, Docket No. 30.  From the facts as alleged, it is not clear that Plaintiff's delay in seeking injunctive relief demonstrates a lack of imminent irreparable harm.

Third, Defendant maintains that "[Plaintiff's] unsupported speculation about a threat of continuing or future infringement is insufficient to establish irreparable harm." <u>See</u> Def.'s Opp'n to Pl.'s Mot. for Prelim. Inj. at 9, Docket No. 28.  As set forth above, Plaintiff's reliance on <u>Mortgage Mkt. Guide, LLC</u> and <u>Microsoft Corp.</u> is unfounded in this case.

Fourth, Defendant contends that Plaintiff's "'forced licensing theory' does not support a finding of irreparable harm." <u>Id.</u> at 10.  Defendant supports this contention by arguing that: (1) Plaintiff licenses his photographs on a non-exclusive basis; (2) Plaintiff authorizes agencies to license his photographs in exchange for money; (3) Defendant is unaware of Plaintiff ever refusing to license a photograph prior to the filing of lawsuits; (4) Defendant is attempting to ensure that Plaintiff's photographs are not included in future editions of textbooks published by Defendant; and (5) courts have rejected Plaintiff's "forced licensing argument." <u>Id.</u> at 10-11.  Plaintiff claims

Case No. 5:11-cv-03640-EJD
ORDER DENYING DEFENDANT PEARSON EDUCATION, INC.'S MOTION TO DISMISS COMPLAINT AND
ORDER DENYING PLAINTIFF CARR CLIFTON'S MOTION FOR PRELIMINARY INJUNCTION

that "[a]llowing [Defendant] to continue to infringe and simply pay damages would create a mandatory licensing scheme contrary to [Plaintiff's] fundamental right to control the use of his creative work." See Pl.'s Reply to Def.'s Opp'n to Mot. for Prelim. Inj. at 5-6, Docket No. 30. Plaintiff relies on <u>Designer Skin, LLC</u> to support his position. However, as stated above, plaintiff in that case sought a permanent injunction after uncontroverted evidence at trial established copyright infringement. See <u>Designer Skin, LLC</u>, 2008 WL 4174882 at *3.

Fifth, Defendant asserts that Plaintiff "is not a crime victim, and the criminal copyright statute does not apply to this civil action." See Def.'s Opp'n to Pl.'s Mot. for Prelim. Inj. at 12, Docket No. 28. Defendant points out that "[t]he statute was designed . . . to 'address the problem of bootlegging and piracy of records, tapes, and films by imposing felony penalties on such activities.'" <u>Id.</u> at 11 (quoting <u>Dowling v. United States</u>, 473 U.S. 207, 224 (1985)). Further, Defendant's "research has revealed no decision holding that a private litigant's unsubstantiated claim that a felony has been committed – where no such charges have been filed by the government – is sufficient to establish the irreparable harm necessary to obtain injunctive relief in a civil case." <u>Id.</u> at 11-12. Plaintiff does not address any of these arguments made by Defendant. Thus, Plaintiff has not sufficiently supported his position that he is a criminal copyright victim. For all of the foregoing reasons, the court finds that Plaintiff has not demonstrated irreparable injury in the absence of preliminary relief.

### iii. The Balance of Equities

Plaintiff contends that the balance of hardships favors granting a preliminary injunction. See Pl.'s Mot. for Prelim. Inj. at 12, Docket No. 26. Plaintiff believes that an injunction prohibiting future infringement by Defendant "would not create an untenable hardship for [Defendant]" because "[Plaintiff] merely seeks an order requiring [Defendant] to stop future unpermissioned uses of [Plaintiff's] Photographs." <u>Id.</u> According to Plaintiff, "if [Defendant] wishes to continue selling the textbooks in which [Plaintiff's] photographs appear, [Defendant] may simply substitute properly licensed images in place of the infringing images." <u>Id.</u> at 13. Plaintiff maintains that "[a] preliminary injunction thus prohibiting future copyright infringement

13

**United States District Court**
For the Northern District of California

1    [ordering Defendant not to print and distribute new copies of textbooks containing infringing

2    copies of Plaintiff's Photographs] would not create an unreasonable hardship for [Defendant]."

3    See Pl.'s Reply to Def.'s Opp'n to Mot. for Prelim. Inj. at 9, Docket No. 30.

4            Defendant argues that "without a showing that [Defendant] misused [Plaintiff's]

5    photographs," a grant of preliminary injunction "would force [Defendant] to . . . halt the

6    distribution of educational textbooks and other materials to schools."  See Def.'s Opp'n to Pl.'s

7    Mot. for Prelim. Inj. at 13, Docket No. 28.  According to Defendant, grant of injunctive relief

8    "could result in penalties to [Defendant] for failure to satisfy duties owed to educational

9    authorities, including the loss of prospective contracts unrelated to the publications even at issue in

10   this action." Id. at 15.  In summary, Defendant alleges that a preliminary injunction "threatens

11   [Defendant's] goodwill with educational authorities and jeopardizes its ability to continue

12   conducting business with states and school districts and would jeopardize millions of dollars of

13   revenue attributable to content other than [Plaintiff's] photographs, causing substantial irreparable

14   harm to [Defendant]."  Id.

15           Granting preliminary injunctive relief ordering Defendant not to print and distribute new

16   copies of textbooks containing allegedly infringing copies of Plaintiff's photographs would not

17   irreparably harm Defendant.  Although Defendant has provided testimony outlining its contracts

18   with states and school districts, such contracts might not be affected because Plaintiff seeks an

19   injunction "enjoining future printings and distributions of [Plaintiff's] infringed images."  See Pl.'s

20   Mot. for Prelim. Inj. at 13, Docket No. 26.  Such injunctive relief, if it permitted Defendant to print

21   and distribute textbooks utilizing Plaintiff's Photographs only to fulfill currently existing

22   contractual obligations, would not necessarily harm Defendant's goodwill with educational

23   authorities nor jeopardize its business or revenue.  However, Plaintiff's proposed injunctive relief

24   might interfere with Defendant's outstanding contractual obligations if the injunction is granted

25   and Defendant is unable to sufficiently print or distribute new copies of textbooks to maintain its

26   inventory levels.  Although the issue is close, the balance of equities favors Defendant.

27   Accordingly, Plaintiff has not met the third condition for a preliminary injunction.

28

Case No. 5:11-cv-03640-EJD
ORDER DENYING DEFENDANT PEARSON EDUCATION, INC.'S MOTION TO DISMISS COMPLAINT AND
ORDER DENYING PLAINTIFF CARR CLIFTON'S MOTION FOR PRELIMINARY INJUNCTION

**United States District Court**
For the Northern District of California

### iv.     The Public Interest

Plaintiff argues that "[t]he public interest would be better served by an order enjoining future infringements than by its denial." See Pl.'s Mot. for Prelim. Inj. at 14, Docket No. 26. Plaintiff further contends that the public interest is served where an injunction would prevent criminal infringement under 17 U.S.C. § 506. Id. Plaintiff states that "[i]t is not in the public's interest to require a copyright owner to bring to federal court multiple, sequential copyright infringement cases against the same defendant for each batch of fresh infringements." Id. at 15. Plaintiff insists that "[t]he public interest in protecting the exclusive rights of a copyright holder outweighs [Defendant's] interest in continuing to print [Plaintiff's] copyrighted photographs in its books without a license to do so." See Pl.'s Reply to Def.'s Opp'n to Mot. for Prelim. Inj. at 10, Docket No. 30.

Defendant maintains that "the public interest in education clearly trumps that interest [of copyright holders' rights] where, as here, the proposed injunction threatens to interrupt schools' access to books, and the copyright at issue can be protected through traditional legal remedies." See Def.'s Opp'n to Pl.'s Mot. for Prelim. Inj. at 16, Docket No. 28. Defendant claims that "the public interest in ensuring schools' and students' uninterrupted access to textbooks is overwhelming." Id. at 18.

Defendant is likely correct that school districts and educational institutions value the timely and uninterrupted supply of textbooks on which curriculum is based. Plaintiff's discovery should uncover the extent to which the alleged infringement has occurred and is ongoing. As stated above, Plaintiff's damages are monetary in nature. Although Plaintiff is correct in pointing out the significant public interest in protecting the exclusive rights of a copyright holder, that interest cannot outweigh the overwhelming public interest in education. It is clear that Defendant's textbooks are a part of that public interest in education. As such, the court finds that the public interest in education outweighs the public interest of copyright holders' rights. Accordingly, Plaintiff has not met the fourth condition for a preliminary injunction.

1
2
3
4
5
6

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." <u>Winter</u>, 555 U.S. at 22 (citing <u>Mazurek</u>, 520 U.S. at 972). Plaintiff has not made a clear showing of entitlement to such relief. As set forth above, Plaintiff has not met the conditions for a preliminary injunction. The issue of whether a bond is required is moot. The court will not schedule an evidentiary hearing on this motion. As such, Plaintiff's Motion for Preliminary Injunction is **DENIED**.

7

### IV.    CONCLUSION

8
9
10
11
12

The court finds that Plaintiff's Complaint states a claim upon which relief may be granted. Thus, Defendant's Motion to Dismiss Plaintiff's Complaint, Docket No. 13, is **DENIED**. The court further finds that Plaintiff has not met the conditions for a preliminary injunction. Thus, Plaintiff's Motion for Preliminary Injunction, Docket No. 26, is **DENIED**.

**IT IS SO ORDERED.**

13
14

Dated:    May 2, 2012



EDWARD J. DAVILA
United States District Judge

United States District Court
For the Northern District of California

16